IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 16-10079-02-EFM

MICHAEL RAY PHILLIPS, JR.,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Michael Ray Phillips, Jr.'s Motion to Reduce Sentence – First Step Act (Doc. 64). He seeks early release from prison due to underlying health conditions and the COVID-19 pandemic. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

**I.    Factual and Procedural Background**

On August 22, 2016, Defendant pleaded guilty to brandishing a firearm during a crime a violence, in violation of 18 U.S.C. § 924(c)(1). On November 7, 2016, Defendant was sentenced to 84 months' imprisonment.

Defendant is 42 years old, and he is currently incarcerated at El Reno FCI. There have been 382 positive cases in the facility in which Defendant is housed, and one inmate has died.[1] Currently, there are 85 active inmate cases, five active staff cases, and no pending inmate tests. Defendant's projected release date is May 11, 2022.

On November 18, 2020, Defendant, represented by counsel, filed a motion seeking early release from prison due to the risk of contracting COVID-19. He states that due to the underlying health conditions of obesity, diabetes Type 2, and hypertension, he is more susceptible to severe complications should he contract COVID-19. He requests that his sentence be reduced to time-served and he be allowed to serve the remainder of his imprisonment, through May 11, 2022, on home confinement to then be followed by his three years' supervised release term.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited January 19, 2021).

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp.

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5]  Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

### III.    Analysis

Defendant seeks early release based on underlying health conditions, the spread of COVID-19 in prison, and the risk of severe complications should he contract COVID-19 in prison. The government asserts that Defendant is not an appropriate candidate for early release.

**A.    Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c). He requested compassionate release from the Warden on October 14, 2020. As of November 18, 2020, the date

---

3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

on which Defendant filed this motion, he had not received a response from the Warden. The government also admits that Defendant meets the exhaustion requirement. Thus, the Court will proceed and determine the merits of Defendant's motion.

**B.      Extraordinary and Compelling Reasons**

Defendant next asserts that his medical conditions of diabetes Type 2, obesity, and hypertension, coupled with the outbreak of COVID-19 in prison constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). Two conditions, obesity and Type 2 diabetes, are listed by the Centers for Disease Control and Prevention ("CDC") as ones that are at increased risk for severe illness from COVID-19.[7] Hypertension is listed as a condition that may be at increased risk.[8] Furthermore, the government concedes that per Department of Justice ("DOJ") policy and CDC guidance, Defendant's medical conditions in the context of the COVID-19 pandemic constitute an extraordinary and compelling reason. The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate that release is warranted. Accordingly, the Court will move on to consider these factors.

**C**.      **Section 3553(a) Factors**

Finally, the Court considers whether Defendant's sentence reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[9] Some of these factors include the nature and circumstances of the offense; the need for the sentence

---

[7] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 19, 2021).

[8] *Id.*

[9] 18 U.S.C. § 3582(c)(1).

-5-

imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[10]

Defendant pleaded guilty to the serious offense of brandishing a firearm during a crime of violence. Specifically, Defendant attempted to rob a liquor store with a loaded firearm. During the attempt, Defendant and his co-Defendant threatened the employee if he did not comply with their requests. The employee retrieved a firearm and fired two rounds which struck Defendant in the chest. Defendant then fled the scene and went to Kansas City to seek treatment for his gunshot wound. Defendant also had prior criminal history which played a part in the sentence he received, including an offense for aggravated sexual battery from 2002. The sentencing guideline was 84 months, and the Court imposed this sentence.

At this point, Defendant has served a little more than four years which is approximately 75 percent of his sentence. The Court remains convinced that 84 months is the appropriate sentence. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. The Court finds that the 84-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

---

[10] 18 U.S.C. § 3553(a).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence – First Step Act (Doc. 64) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of January, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE